UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA M. COMBS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant. | Case No. ED CV 13-1996-SP<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**INTRODUCTION**

On November 7, 2013, plaintiff Samantha Combs filed a complaint against the Commissioner of Social Security Administration ("Commissioner"), seeking a review of a denial of Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision: whether the Administrative Law Judge ("ALJ") improperly rejected the opinion of one of

1

plaintiff's treating physicians, Dr. Dharmarajan Ramaswamy.

Having carefully studied the parties's written submissions, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly gave little weight to Dr. Ramaswamy's opinion, and any error made by the ALJ was harmless. Therefore, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was forty-two years old on her SSI application date. AR 131. She has past relevant work experience as a food checker. AR 157.

On August 24, 2010, plaintiff applied for SSI due to rheumatoid arthritis, lupus, and vision problems. AR 131, 146. Plaintiff's application was denied initially and upon reconsideration, after which she requested a hearing. AR 68-78, 81.

On July 25, 2012, plaintiff, represented by council, appeared and testified at a hearing before the ALJ. AR 25, 32-39. Dr. David Anderson, a medical expert, and Tory Scott, a vocational expert, also testified. AR at 27-32, 39-41.

Applying the well known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since her August 24, 2010 application date. AR 12.

At step two, the ALJ found plaintiff suffers from the following severe impairments: arthritis; lupus; obesity; moderate impingement of the bilateral shoulders with the left more than the right; early degenerative joint disease of the left knee; and degenerative disc disease at L5-S1. *Id.*

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. AR 15.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined that plaintiff can perform light work, with the following exceptions: she can lift and/or carry twenty pounds occasionally and ten pounds frequently; she can walk or stand for two hours and sit for six hours of an eight hour workday; she can frequently bend, stoop, kneel, and squat; she can frequently use both hands bilaterally at or above shoulder level; and she can frequently perform fine and gross manipulation at or above shoulder level, and can perform fine and gross manipulation at desk level without limitation. *Id.*

At step four, the ALJ found plaintiff was unable to perform any past relevant work. AR 19.

At step five, the ALJ found, after considering plaintiff's age, education, work experience, and RFC, that there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including toll collector, electronics worker, and ticket taker. AR 20. As such, the ALJ determined plaintiff was not under a disability, as defined by the Social Security Act. AR 21.

Plaintiff filed a timely application for review, which was denied by the Appeals Council. AR at 1-6. The ALJ's decision stands as the final decision of the Commissioner.

### III.

### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 nn.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## DISCUSSION

Plaintiff contends the ALJ improperly rejected the opinion of her rheumatologist, Dr. Dharmarajan Ramaswamy. Pl. Mem at 2-5. In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence. 20 C.F.R. § 404.1527(b). In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians.

20 C.F.R. § 494.1527(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Nevertheless, the ALJ is not bound by the opinion of the treating physician. *Smolen*, 80 F.3d at 1285. If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight. *Lester*, 81 F.3d at 830. If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* at 830. Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. *Id.* at 830-31. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

Here, the ALJ rejected the opinion of Dr. Ramaswamy, finding it was: (1) inconsistent with the objective medical evidence; and (2) "brief, conclusory and inadequately supported by clinical findings." AR 19.

### A. The Finding That Dr. Ramaswamy's Opinion Was Inconsistent With the Objective Medical Evidence

The ALJ gave little weight to the opinion of Dr. Ramaswamy, as it was "inconsistent with the objective medical evidence as a whole" discussed in the

ALJ's opinion  AR 19.  The objection medical evidence discussed included the evaluation by Dr. Bilezikjian, the results of x-rays, and the treatment records of Dr. Davis.  AR 16-18.

First, on February 5, 2011, Dr. Zaven Bilezikjian performed a full physical examination of plaintiff, and opined she retained the ability to push/pull/lift/carry twenty pounds occasionally and ten pounds frequently; walk/stand two hours and sit six hours of an eight hour workday; frequently bend and stoop, and occasionally kneel and squat; frequently use both hands bilaterally at or above shoulder level, and perform fine/gross manipulation at desk level without limitation.  AR 199-202.  Dr. Bilezikjian further observed that plaintiff's motor functioning and ability to ambulate around the office were within normal limits, but found plaintiff could not walk on uneven terrain, climb ladders, or work at heights.  AR 201-02.

Dr. Bilezikjian performed tests directly related to plaintiff's functional capacity.  *See* AR 200-02.  By contrast, there is no indication Dr. Ramaswamy performed such tests.  *See* AR 374-79.  Dr. Bilezikjian's opinion constitutes a more thorough analysis of plaintiff's functional capacity.  *See Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *Nunez v. Astrue*, 2012 U.S. Dist. LEXIS 176201, at *40, 2012 WL 6193254 (C.D. Cal. Dec. 12, 2012) (more thorough examination by one physician is a specific and legitimate reason to give another physician less weight).  As Dr. Bilezikjian performed a more thorough examination, the ALJ was entitled to give Dr. Ramaswamy's opinion less weight.

Second, physical examinations conducted by plaintiff's primary treating physician, Dr. Arthur Davis, revealed only decreased mobility of the thoracic and lumbar spine, mild kyphosis, tenderness of the spine, and moderate joint stiffness, but no swelling (edema) or discoloration (cyanosis), normal extremities and normal constitutional signs.  AR 215-16, 218, 252, 255, 257, 262.  In plaintiff's numerous visits with Dr. Davis, he failed to note any difficulties with activities of

daily life, severe symptoms, or functional limitations, much less the severe limitations opined by Dr. Ramaswamy. *See* AR 183-84; 216; 218; 255-256; 258; 262; 265. Furthermore, on October 7, 2011, after Dr. Ramaswamy rendered his opinion of total disability, Dr. Davis noted plaintiff "has been feeling fairly well." AR 259; *see* AR 18. These mild findings contradict Dr. Ramaswamy's opinion that plaintiff could only stand, walk, and sit for less that two hours, and could never twist or crouch. *See* AR 370-71. In addition, reviewing physicians Dr. Jansen and Dr. Christian also performed an analysis of the medical evidence and determined RFCs in accordance with Dr. Bilezikjian's opinion, and consistent with Dr. Davis's records. AR 48-50, 62-63.

Finally, Dr. Ramaswamy's own treatment notes suggest plaintiff was "feeling partially better" and improving with her conservative treatment of prednisone as of August 24, 2011, although still experiencing pain. AR 285, 374; *see* AR 18. Contradictions between treatment notes regarding an improving condition and opinions regarding plaintiff's RFC are specific and legitimate reasons to discount the opining physician. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (when contradictions exist between a physician's opinions and treatment notes, this constitutes a specific and legitimate reason for not accepting that physician's opinion); *Lester*, 81 F.3d at 830-31. Accordingly, this also was a specific and legitimate reason for the ALJ to give less weight to the opinion of Dr. Ramaswamy.

In short, the ALJ's finding that Dr. Ramaswamy's opinion was inconsistent with the objective medical evidence as a whole was supported by substantial evidence. As such, this was a specific and legitimate reason for rejecting Dr. Ramaswamy's opinion.

**B.    The Finding That Dr. Ramaswamy's Opinion Was Brief, Conclusory, and Inadequately Supported by Clinical Findings**

The ALJ also rejected the September 7, 2011 opinion of Dr. Ramaswamy

because it was brief and conclusory. AR 19. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Dr. Ramaswamy opined that, due to plaintiff's inflammatory arthritis and fibromyalgia, she experienced severe pain, stiffness, and fatigue. AR 371. Dr. Ramaswamy further opined, without explanation, that plaintiff: was limited to carrying ten pounds occasionally and frequently; could stand/walk for less than two hours of an eight-hour workday; could sit less than two hours of an eight-hour workday; must change positions when sitting every thirty to forty-five minutes; must change positions when standing every ten to fifteen minutes; and can never twist or crouch. AR 370-71.

As a systemic pain disease, fibromyalgia is not necessarily indicative of functional limitations, much less a particular RFC determination. Severity in fibromyalgia symptoms can vary wildly, and have anywhere from a minor to severe/debilitating functional limitations. But Dr. Ramaswamy offered no testing or explanation for his opinion regarding plaintiff's RFC. *See Holohan*, 246 F.3d at 1202 ("[T]he regulations give more weight to opinions that are explained than to those that are not."); 20 C.F.R. § 404.1527(d)(3). The ALJ properly rejected Dr. Ramaswamy's opinion as brief and conclusory. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating physicians' opinions in part because they were in checklist form with no supporting objective evidence); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ . . . permissibly rejected [psychological evaluations] because they were check-off reports that did not contain any explanation of the bases of their conclusions.").

The ALJ also determined Dr. Ramaswamy's opinion was "inadequately supported by clinical findings." AR 19. This is potentially problematic to the

extent the ALJ's determination refers to Dr. Ramaswamy's fibromyalgia diagnosis. The Ninth Circuit has recognized that objective symptoms "do not establish the presence or absence of fibromyalgia." *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 872 (9th Cir. 2004) (abrogated on other grounds by *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006)). "[F]ibromyalgia's cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia." *Id.* Instead, a fibromyalgia diagnosis can only be confirmed by a specific test where a patient reports pain in five parts of the body and when at least eleven of eighteen points cause pain when palpated by an examiner's thumb.[2] *Id.* (citing *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001)).

It is unclear from the record whether the ALJ rejects Dr. Ramaswamy's opinion as inadequately supported by clinical findings because: (1) Dr. Ramaswamy failed to offer an explanation between his RFC and diagnosis of fibromyalgia; or (2) there was a lack of clinical findings to support Dr. Ramaswamy's fibromyalgia diagnosis. The former, as discussed above, is a specific and legitimate reason for rejecting Dr. Ramaswamy's opinion, as no explanation was offered for plaintiff's RFC. The latter, however, is inconsistent with the subjective nature of a fibromyalgia diagnosis. Therefore, to the extent the ALJ relies on the absence of clinical findings to reject Dr. Ramaswamy's diagnosis of fibromyalgia, this was in error.

Any error in rejecting Dr. Ramaswamy's opinion was harmless, however, as other specific and legitimate reasons existed for rejecting Dr. Ramaswamy's opinion, as discussed above. So long as there remains other substantial evidence

---

[2] Dr. Ramaswamy does not appear to have identified eleven pain trigger points, but rather appears to have only identified six. *See* AR 378

Case 5:13-cv-01996-SP   Document 17   Filed 09/08/14   Page 10 of 10   Page ID #:457

supporting the ALJ's decision, this error "does not negate the validity of the ALJ's ultimate conclusion." *Batson*, 359 F.3d at 1197: *see also Carmickle v. Commissioner*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

DATED: September 8, 2014

SHERI PYM
United States Magistrate Judge